**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2333
_____

MARGO A. WEEMS, and her child TMW,
                                          Appellant

v.

CITY OF PHILADELPHIA; OFFICE OF THE CITY SOLICITOR;
DEPARTMENT OF HUMAN SERVICES, to include but not limited to community
umbrella agencies (3) BHS, CARO, CYD, CPS; CITY OF PHILADELPHIA DHS
DOCTOR FOOTE; NURSE GINA WEAL, RN; NOA GLICK, PSYD;
JENNIFER COLE, Forensic Mental Health Services, LLC; ATA INTERACT;
PHILADELPHIA COUNTY COURT JUDGES VINCENT W. FURLONG;
MARGARET T. MURPHY; DUANE GREY; WALTER J. OLSZEWSKI;
HONORABLE JUDGE MARTINEZ; INTERCOMMUNITY ACTION, Grenridge
Counseling; LENA HAYES; JOANNE MINERVA, PSYD; AMANDA KUMAR;
ACS MCLAUGHLIN; CAROLINE B. CURLEY; KATHLEEN K. BOLA;
JONATHAN HOULON; CHILD ADVOCATE CURLEY ANTELL;
CHILD ATTORNEY LUE B. FRIERSON; FORENSIC MENTAL HEALTH
SERVICES LLC, ATA; WILLIAM RUSSELL, PHD; ERICA G. WILLIAMS;
MORGAN GERHART, M.A.; BEHAVIORAL HEALTH FORENSIC EVAL CENTER;
JOSEPH FOOTE, PSYD; BRIAN BELL, DHS Worker; BENITA KING;
PAULETTE MATTHEWS, DHS SUP; KHADRA SEALES, Practice Specialist;
CARLA N. GARDNER; CLEARANCE TERPLAY, SW Facilitator; DEPARTMENT
OF HUMAN SERVICES COMMISSIONERS, Cynthia F. Figueroa, Kimberly Ali;
DHS CUA TURNING POINTS; CIERA BRADSHER; ASHLEY GARRISON;
MICHELLE DAVIS; ALEISHA LOMAX; RSRI DENISE ANTROM; CM CARSON
VALLEY CHILD; C.H.O.P. MADELINE BELL; MICHELLE LAMBERT, MD;
JENNIFER BRENTON, PSYD; TRUDY JOHNSON, SW; HELGE HARTHUNG, MD;
CHILDRENS HOSPITAL OF PHILADELPHIA; JODI HOULON, LSW;
DENISE FITZPATRICK, MD; PHILADELPHIA LAW DEPARTMENT
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil Action No. 2:22-cv-03961)

District Judge:  Honorable Gerald J. Pappert
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 20, 2025

Before:  HARDIMAN, MATEY, and CHUNG, Circuit Judges

(Opinion filed June 24, 2025)
_____

OPINION[*]
_____

PER CURIAM

In 2016, pro se appellant Margo Weems took her minor child to the Children's Hospital of Philadelphia ("CHOP") with a fever.  After CHOP staff contacted the City of Philadelphia's Department of Human Services ("DHS"), dependency proceedings were initiated in family court.  In April 2019, the family court terminated Weems's parental rights, but that decision was later vacated on appeal.

In October 2022, while those family court proceedings appeared to be ongoing, Weems filed a civil action in the District Court against numerous individuals and entities.  She alleged, inter alia, that the defendants conspired in various ways to take her child from her in violation of her constitutional and other rights.  D.Ct. ECF No. 2 at 1-4.[1]

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Weems filed the civil action on behalf of herself and her minor child.  However, as the District Court noted, pro se litigants who are not attorneys may not represent other people, including their children, in federal court.  See Osei-Afriye v. Med. Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991).

Amongst other relief, Weems sought monetary damages, the return of her child, and "charge[s] placed on workers, Judges [and] lawyers found guilty of ruining child [and] families."  Id. at 5.

The various parties filed motions to dismiss.  In a thorough and lengthy opinion, the District Court granted those motions, dismissing some claims and parties with prejudice and others without, and giving Weems an opportunity to amend.  See D.Ct. ECF No. 101.  Some time-barred claims were dismissed without prejudice, giving Weems an opportunity to "allege facts which could establish a basis for equitable tolling."  Id. at 20.  Weems was advised that any amended complaint "must identify all defendants in the caption of the amended complaint in addition to identifying them in the body," as well as "state the basis for [her] claims against each defendant."  D.Ct. ECF No. 102 at 2.  She was further advised that any amended complaint "shall be a complete document that does not rely on the initial complaint or other papers filed in this case to state a claim."  Id. at 2-3.

Thereafter, Weems filed a 100-page purported amended complaint.  It consisted of a 4-page "Statement of Claim," a motion to toll the statute of limitations, and numerous pages of "evidence/exhibits."  See D.Ct. ECF No. 107.  That filing failed to comply with the instructions of the District Court, listing as defendants in the caption "CHOP, City of Phila. Itself & it's associates, etc. etal."  Id. at 1.  The body of the complaint also failed to list the defendants or provide specifics as to each's involvement.

The defendants again moved to dismiss for failure to state a claim.  The District Court granted the motions, noting that Weems's amended complaint "addresses none of

3

the shortcomings noted" by the Court.  D.Ct. ECF No. 126 at 1.  It determined that, "[w]hile Weems broadly references her constitutional rights, discrimination, retaliation, professional liability, medical malpractice and criminal offenses, it is not clear what claims she purports to bring, much less which specific defendants she wishes to bring these claims against." Id. at 3-4.  Concluding that further amendment would be futile, the District Court dismissed the case with prejudice, and declined to exercise supplemental jurisdiction over any state law claims.[2]  Weems appeals.

We have jurisdiction under 28 U.S.C. § 1291.  We review the District Court's dismissal for failure to state a claim de novo.  See Doe v. Princeton Univ., 30 F.4th 335, 341 (3d Cir. 2022).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  While we construe pro se filings liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), Weems's operative amended complaint must contain sufficient facts to support a claim for relief, see Vogt v. Wetzel, 8 F.4th 182, 185 (3d Cir. 2021).  For the reasons that follow, we will affirm the judgment of the District Court.

---

[2] The District Court noted that certain defendants served in connection with the original complaint appeared in the documents attached to the amended complaint, but were not named in either the caption or body of the amended complaint, as required by the Court. The District Court sua sponte dismissed any purported claims against those individuals, concluding that it was apparent on the face of the complaint that Weems could not state a claim against them. See D.Ct. ECF No. 126 at 2 n.3.

At the outset, we note that we will consider only those issues that Weems has raised before this Court. See M.S. ex rel. Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020) (explaining that parties forfeit any argument that they do not raise in their opening brief); Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (noting that pro se litigants "must abide by the same rules that apply to all other litigants"). Here, Weems mostly fails to challenge the reasoning of the District Court. The arguments she does make either lack merit or are too conclusory and insufficiently developed to bring the issue before this Court. See Simmons v. City of Philadelphia, 947 F.2d 1042, 1066 (3d Cir. 1991) (citing Fed. R. App. P. 28, and noting that "a passing reference to an issue in a brief will not suffice to bring that issue before this court on appeal").

Weems first asserts that the District Court "erred in interpreting whom the Defendants are," referencing the City of Philadelphia, CHOP, "all of the rest of the defendants listed," and her "initial complaint." 3d Cir. ECF No. 27 at 1. To the extent Weems is arguing that the District Court should have considered the defendants in her amended complaint to be the same as those listed in her initial complaint, her original complaint was superseded by her amended complaint. See Garrett v. Wexford Health, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity"). Further, Weems was specifically advised to list the defendants both in her caption and in the body of her complaint and she failed to do so. Accordingly, we discern no error in the District Court's ascertainment of the defendants.

Next, Weems asserts that the District Court erred in dismissing her claims against "Commissioners, Dept Heads, Supervisors and Hospital Presidents" because "they were actually accused of not doing anything when they knew or should have known about the actions of the employees under their change [sic] of command." 3d Cir. ECF No. 27 at 1. Weems fails to identify any specific defendants or address the District Court's basis for these dismissals. To the extent Weems is attacking the District Court's conclusion that she failed to establish these unidentified individuals' personal involvement in the alleged wrongs, see D.Ct. ECF No. 101 at 6-7, she has failed to demonstrate any error. As the District Court correctly noted, "liability cannot be 'predicated solely on the operation of *respondeat superior*.'" Id. at 6 (citing Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)).

Weems next asserts that the statute of limitations should have been tolled as to her claims. See 3d Cir. ECF No. 27 at 2. However, for the reasons stated by the District Court, she provided no basis for equitable tolling. See D.Ct. ECF No. 126 at 2 n.5. Her references to various criminal statutes of limitation have no bearing on the limitations period applicable to her civil claims. And to the extent Weems attempts to allege criminal offenses against any of the defendants, she has no private right of action to pursue violations of the criminal statutes. See generally Alexander v. Sandoval, 532 U.S. 275, 286 (2001) ("[P]rivate rights of action to enforce federal law must be created by Congress").

Weems also challenges the District Court's denial of her motions for the appointment of counsel, which we review for abuse of discretion. See Parham v.

Johnson, 126 F.3d 454, 457 (3d Cir. 1997). While there is no statutory or constitutional right to the appointment of counsel in a civil case, see id. at 456-57, a District Court has the discretion to appoint counsel "to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1). Here, Weems's application to proceed in forma pauperis was denied and she paid the filing fees in the District Court. She also never submitted an application for leave to proceed in forma pauperis for the purpose of appointing counsel. As Weems failed to demonstrate an inability to afford counsel, we discern no abuse of discretion in the District Court's denial of her counsel motions.[3]

Finally, Weems requests that, if we cannot grant the relief that she seeks, that her case "be dismissed without prejudice to allow [her] time to fine [sic] a lawyer who can more properly/legally represent my case." 3d Cir. ECF No. 27 at 4. Weems has had ample time to pursue legal assistance in the approximately nine years since her claims first arose. She is not entitled to the proverbial second bite at the apple, with or without the assistance of counsel, after failing to obtain relief. Her request is denied.

We will affirm the judgment of the District Court.

---

[3] We note that Weems's first motion for the appointment of counsel was made pursuant to 42 U.S.C. § 2000e-5(f)(1), which allows for the appointment of counsel in Title VII employment discrimination cases. As Weems's civil action did not involve such claims, she was not entitled to the appointment of counsel under this section.